## Richmond

RICHMOND AUTO PARTS, INCORPORATED, ET AL. v. WILLIAM L. FORBES, ET AL., TRUSTEES, ETC.

March 8, 1965.

Record No. 5885.

Present, Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Malcolm M. Christian* (*Cutchins, Wallinger, Christian & Wilkinson*, on brief), for the plaintiffs in error.

*William C. Worthington* (*Maurice B. Shapero; Worthington, White & Harper*, on brief), for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

This is an action for a declaratory judgment instituted by William L. Forbes and Maurice Steingold, trustees under a deed of assignment from Greenough and Company, Incorporated, against Richmond Auto Parts, Incorporated, and State-Planters Bank of Commerce

and Trusts, defendants, to determine the rights of the respective parties in two forklift trucks, or the sum of $7,275.65, proceeds from the sale of the trucks.

The trustees alleged (1) that Richmond Auto Parts, Incorporated, sold to Greenough and Company, Incorporated, hereinafter referred to as Greenough, a certain "S050B Hyster Lift Truck," motor number 252437, under a conditional sales contract, dated August 4, 1961, and recorded August 8, 1961, in the Clerk's Office of the Corporation Court of South Norfolk, Virginia; (2) that there was an unpaid balance of $4,292.40 due thereon; (3) that Greenough assigned and transferred to State-Planters Bank of Commerce and Trusts a note in the amount of $4,999.00 secured by a chattel mortgage dated July 14, 1961, on a certain "Hyster Lift Truck, 1960 model S50B," motor number 233713, upon which note there was a balance due amounting to $2,983.25, the mortgage being recorded in the Clerk's Office of the Corporation Court of South Norfolk on July 25, 1961; (4) that Forbes and Steingold were appointed trustees for Greenough under a deed of assignment for the benefit of the latter's creditors, dated September 6, 1962, recorded in the Clerk's Office of the Corporation Court of the City of Norfolk on the 10th day of September, 1962; (5) that the two trucks have continued and remained "in the possession of Greenough and/or Trustees ever since the dates of the said sales contract and mortgage;" (6) that on the dates the said instruments were recorded the two trucks "were not located or situated in South Norfolk, and/or have been removed therefrom, and have not been placed or located in South Norfolk for a period of more than one year since their removal," but "ever since said recording dates have been located and situated in the City of Norfolk and/or Princesses Anne County, and are so located as of the date of the filing this petition;" (7) that neither the sales contract nor the mortgage had been admitted to record in the city of Norfolk or Princess Anne County within one year after the removal of the trucks from South Norfolk, as required by Virginia Code [1959 Repl. Vol.] § 55-98, and consequently the liens thereof are void as to the trustees, purchasers for value; (8) that the trustees had no notice or knowledge of the existence of said sales contract and chattel mortgage; and (9) that the trustees and defendants have agreed that the sum of $7,275.65, proceeds from the sale of the two trucks be held by the clerk of court until it be determined whether or not the purported liens of the said sales contract and mortgage are void as to the trustees by reason of the

foregoing facts, under Virginia Code [1959 Repl. Vol.] §§ 55-96 and 55-98.

The defendants answered, admitting the above allegations numbered 1, 2, 3 and 4; but denying the remainder, and called for strict proof thereof.

All matters of law and fact were, by consent of the parties, submitted to the trial court sitting without a jury. After hearing the evidence and argument of counsel, the court entered an order declaring the liens asserted by defendants under the said contract and chattel mortgage void and of no effect as to the trustees, or as to the fund of $7,275.65 deposited in the court. It was adjudged that the trustees recover the said sum, free of the asserted liens of the defendants, and the clerk of the court ordered to pay the said sum to the trustees forthwith. Defendants objected and excepted on the grounds that the court erred in its finding of facts; and further because the trustees knew, or, in the exercise of ordinary care, should have known of the recordation of the said liens in South Norfolk.

The case presents principally questions of fact. There is no issue of law, except the contention of defendants that notice of the liens recorded in South Norfolk was imputed to William L. Forbes, one of the trustees, because he had acted as counsel for the Greenough Company prior to the deed of assignment to the trustees. The case was heard, however, on the issue, accepted by defendants, whether or not Forbes and his co-trustee had actual notice prior to September 6, 1962.

The evidence was conflicting, and under familiar principles, it will be stated in the light most favorable to the trustees.

Greenough and Company, Incorporated, was engaged in the business of selling building supplies from its warehouse located in South Norfolk. To move the merchandise about, it purchased several forklift trucks. [These trucks did not operate on the highway and were not vehicles subject to registration and title certificate requirements.]

Julius A. Greenough, President and sole stockholder of the corporation, testified that his company's warehouse in South Norfolk was destroyed by fire on January 25, 1961. Following the fire, Greenough decided to build a new warehouse in Norfolk, and to move his entire operations to that city. During the construction of the new Norfolk warehouse, Greenough temporarily leased a warehouse in South Norfolk. The new warehouse in Norfolk was completed by September 6, 1961, and after that date no warehouse was maintained in South

Norfolk and no forklift trucks were kept, used or needed there. Truck Model S50B was, after the fire in South Norfolk, removed to Norfolk to be repaired, and after repairs were completed in July, 1961, it was never returned to South Norfolk, but was "put to work" in the construction of the new warehouse in Norfolk, where it remained until it was turned over to the trustees on September 6, 1962. Truck Model S050B purchased on August 4, 1961, was delivered to the temporary warehouse of Greenough Company in South Norfolk, where it remained "just a couple of weeks," and was then taken to Norfolk, where it remained until the date of the deed of assignment to the trustees.

An employee of the Virginia Electric and Power Company stated that the records of his company showed the beginning of electric service to the new Norfolk warehouse of Greenough was on September 6, 1961.

Each trustee testified positively that he had no notice or knowledge of the liens recorded in South Norfolk until after September 17, 1962. Forbes said that, although he had acted as an attorney for Greenough and Company in the collection of its delinquent accounts, he never had taken any part in its financing, nor conducted an investigation of its debts.

The contentions of defendants that neither of the trucks had been removed from South Norfolk for a period of more than one year after the recordation of the liens against them in South Norfolk, and that trustee Forbes had notice of the recorded liens, are based on evidence that is circumstantial, inferential, and more or less confusing. There was presented no evidence contrary to the testimony of either Julius A. Greenough or Forbes and Steingold, the trustees.

The case was tried before an able and experienced trial judge. There was ample evidence to support his finding that the two forklift trucks were actually in the city of Norfolk for more than one year after the liens against them were recorded in South Norfolk, and that the trustees had no notice of the recordation in South Norfolk, prior to the execution of the deed of assignment to them as trustees. Therefore, the judgment of the trial court cannot be disturbed.

Having reached the above conclusion, it will serve no useful purpose to consider a motion made by the trustees to dismiss this proceeding, on the ground that defendants did not file their petition for a writ of error within the time required by Rule of Court 5:1.4.

In consideration of all of which, the judgment is affirmed.

*Affirmed.*